IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| VINCENT VAIANO,<br><br>                Plaintiff,<br><br>    v.<br><br>EQUIFAX, INC,<br><br>                Defendant. | Case No. 1:24-cv-11332-AK |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS**

Defendant Equifax Information Services, LLC (collectively, with Equifax, Inc, which Plaintiff incorrectly names, "Equifax") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Motion should be granted in this case, where *pro se* Plaintiff seeks over **$2.8 million** in damages based on a laundry list of inapplicable statutes and common law theories. Plaintiff apparently alleges that Equifax, as a credit reporting agency, acts in some sort of collusive and fraudulent manner to deprive consumers of something. Noticeably missing is a single factual allegation necessary to support such outlandish claims. The Complaint is subject to dismissal for the following reasons:

    1.    Plaintiff has not alleged that Equifax reported any inaccurate information, a prerequisite to alleging a Fair Credit Reporting Act claim (Count I);

    2.    Plaintiff's allegations under the Massachusetts analog to the FCRA fails for the same reason, and because it is duplicative of the FCRA claim (Count II);

    3.    Plaintiff cannot allege a claim under the federal and state debt collection statutes because Equifax is not a debt collector (Counts III & IV);

312058149v.1

2

4. Plaintiff's negligence, defamation, libel, slander, and invasion of privacy claims all are preempted by the FCRA (Counts V, IX, XII, XIII, XIV, XV, XVI, & XVII);

5. Plaintiff's false designation claims fail because Plaintiff does not allege Equifax made any statements to mislead Plaintiff regarding the association, nature, or origin of any goods or services provided (Counts VI & VIII);

6. Plaintiff's fraud claim fails because Plaintiff does not allege that Equifax has engaged in any fraudulent behavior whatsoever (Count VII);

7. Plaintiff's intentional and negligent infliction of emotional distress claims fail because Plaintiff does not allege any facts supporting such a claim (Counts X & XI);

8. Plaintiff's tortious interference claim fails because he does not allege any contract or any tortious interference with that contract (Count XVIII); and

9. Plaintiff's "Violation of Mass Gen Laws ch. 93A" claim fails because Plaintiff does not allege any facts to support any such claim, nor does Plaintiff even identify the claim (Count XIX).

The basis for this Motion is set forth more fully in the accompanying Memorandum of Law.

WHEREFORE, Equifax respectfully requests that the Court grant the Motion, dismiss Plaintiff's Complaint in full, with prejudice, and award Plaintiff its fees and costs incurred in defending this action, along with other such relief as the Court deems equitable and just.

### Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), prior to filing its Motion, Equifax conferred with Plaintiff to attempt to resolve or narrow the issues set forth in the Motion.

312058149v.1

DATED: July 2, 2024	Respectfully submitted,

EQUIFAX INFORMATION SERVICES, LLC


*/s/ Christopher F. Robertson*
Christopher F. Robertson (BBO No. 642094)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
E-mail:  crobertson@seyfarth.com

*Counsel for Defendant*
*Equifax Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2024, I presented the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail and e-mail to the following:

> Vincent Vaiano
> 95 University Ave Apt 2128
> Westwood, Massachusetts 02090
> sparky.anderson7576@gmail.com
>
> *Pro Se Plaintiff*

                              */s/ Christopher F. Robertson*
                              Christopher F. Robertson
                              *Counsel for Defendant*
                              *Equifax Inc.*