**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| VINCENT VAIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 24-CV-11332-AK |
| v. | ) | |
| | ) | |
| EQUIFAX, INC., | ) | |
| JOHN DOES 1 THROUGH 5, | ) | |
| JANE DOES 6 THROUGH 10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**

**A. KELLEY, D.J.**

Plaintiff Vincent Vaiano ("Vaiano") filed this suit against Equifax, Inc. ("Equifax") and several other unknown individuals who work for Equifax, alleging statutory and common-law claims because of information included in his credit report, as well as general claims regarding Equifax's role in the credit reporting industry. For the following reasons, Equifax's Motion to Dismiss for Failure to State a Claim [Dkt. 12] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

**I.   BACKGROUND**

In his Complaint, Vaiano makes several claims regarding Equifax and the credit reporting industry at large. He argues that the credit reporting industry is collusive, harming consumers and borrowers, while offering little benefit. Vaiano goes on to claim that the credit reporting industry shares little information about their decision-making processes and considerations, which has a large impact on everyday consumers' credit reports, and operates in a way that

1

makes it nearly impossible for victims of the industry to challenge the impact of different actions on their credit reports.

As to Vaiano specifically, he alleges that he contracted COVID-19 in 2021, which caused him to be late on payments to his credit accounts. As a result, his credit score was lowered. Vaiano claims that the lowering of his score, as well as the lack of information provided about how Vaiano's score would be impacted, the lack of care of the company, and the lack of concern of its employees for his well-being, had distressing consequences on his life. In light of these allegations, Vaiano made a total of 19 claims, including: violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq., the Massachusetts Fair Credit Reporting Act ("MFCRA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), Massachusetts' Unfair Debt Collection Practices ("MDCPA"), negligent misrepresentation, false or misleading representations under 15 U.S.C. § 1125(a) and state law, fraudulent concealment, invasion of privacy, intentional and negligent infliction of emotional distress ("IIED" and "NIED", respectively), defamation, libel, slander, negligent hiring, negligent failure to provide adequate training, negligent failure to provide adequate supervision, tortious interference with an advantageous relationship, and violation of Massachusetts General Laws Ch. 93A.

In its Motion to Dismiss, Equifax moves to dismiss all 19 claims on several alternative theories.

As a final note, Vaiano has filed at least 10 identical or similar lawsuits throughout 2024. An identical complaint was filed by another litigant, who claims to have an address identical to Vaiano's, on the same day that Vaiano filed the instant case. Brown v. Equifax Inc., No. 24-CV-11331-LTS (D. Mass. Sept 27, 2024). Brown's complaint was dismissed after he failed to file an opposition to the motion to dismiss. Id. [Dkt. 18]. Additionally, Vaiano filed an identical

complaint on his own behalf against Trans Union.  Vaiano v. Trans Union LLC et al., No. 24-CV-11294-MJJ (D. Mass Feb. 11, 2025).  That case was dismissed in full, after briefing of Trans Union's motion to dismiss.  Id.  [Dkt. 18].

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements.  Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit.  Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief."  Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. 544 at 559).

Complaints brought by pro se litigants, as is the case with this action, are subjected to a lesser scrutiny than that of complaints drafted by attorneys.  Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).  Courts may "intuit the correct cause of action, even if [the complaint] was imperfectly pled," provided the complaint contains sufficient facts to do so.  Ahmed v.

Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  However, while pro se litigants are afforded more latitude in this realm, this latitude "cannot be taken to mean that pro se complaints are held to no standard at all."  Sergentakis v. Channell, 272 F. Supp. 3d 221, 224-25 (D. Mass. 2017) (internal quotation marks and citation omitted).  In other words, "pro se status does not insulate a party from complying with procedural and substantive law."  Ahmed, 118 F.3d at 890.

### III. DISCUSSION

Although this Court liberally construes Vaiano's pleadings because he is proceeding pro se, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), this action is subject to dismissal because the Complaint does not "comply[] with procedural and substantive law."  Ahmed, 118 F.3d at 890.  The Complaint includes essentially no facts to support Vaiano's claims.  Id. ("The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.  This is distinct from the case at hand, in which the formal elements of the claim were stated without the requisite supporting facts"). Each count is addressed in turn below.

#### A. Counts I and II (FCRA and MFCRA)

Counts I and II are dismissed because Vaiano has not plausibly alleged that any reported information was inaccurate, let alone any facts to explain what reports or accounts were inaccurate or why.  DeAndrade v. Trans Union LLC, 523 F.3d 61, 66-68 (1st Cir. 2008) (finding that to prevail on a claim under the FCRA, plaintiff must allege an inaccuracy in reporting).  As a result, Vaiano has failed to state a claim as a matter of law.

Further, even if Vaiano had alleged any relevant facts, his MFCRA claim is preempted by the FCRA.  Brown v. Wells Fargo Bank, N.A. et al., 24-CV-10952-LTS, at *5 (D. Mass. Oct. 16, 2024) (finding intentional infliction of emotional distress, negligent infliction of emotional

4

distress, and Ch. 93A claims preempted by the FCRA); Brown v. JPMorgan Chase & Co., 22-CV-11298-FDS, 2023 WL 3511363, at *4-5 (D. Mass. May 17, 2023) (finding MCRA and Ch. 93A claims preempted by the FCRA); Kuppserstein v. Bank of Am., Nat'l Ass'n, No. 14-CV-13766-GAO, 2015 WL 4601704, at *3 (D. Mass. July 31, 2015); Leet v. Cellco P'ship, 480 F. Supp. 2d 422, 431, 433 (D. Mass. 2007) (finding negligence and MCRA claims preempted by the FCRA); Islam v. Option One Mortg. Corp., 432 F. Supp. 2d 181, 188-89 (D. Mass. 2006) (dismissing § 54A(g) counts as preempted by the FCRA); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 13 (D. Mass. 2004) ("Where, as here, the FCRA does not exempt the state law provision expressly authorizing a private cause of action, such private causes of action remain preempted.").

As a result, Counts I and II are dismissed.

### B.     Counts III and IV (FDCPA and MDCPA)

Counts III and IV are dismissed because Vaiano has not plausibly alleged that Equifax is a debt collector, as required by the FDCPA and MDCPA. See Witt v. U.S. Dept. of Ed., 23-CV-00562-MEG-KAD, 2024 WL 889250, at *6 (D. Conn. Jan. 23, 2024) ("It is well-settled that a credit reporting agency such as . . . Equifax . . . [is] not a 'debt collector' under the FDCPA"), report and recommendation adopted, 23-CV-00562-MEG-KAD (D. Conn. Feb. 15, 2024); see also Swainson v. Lendingclub Corp., No. 21-CV-5379-GHW-SLC, 2022 WL 2704629, at *9-10 (S.D.N.Y. June 24, 2022), report and recommendation adopted, No. 21-CV-5379-GHW-SLC, 2022 WL 2704486 (S.D.N.Y. July 12, 2022) (citing Perez v. Experian, No. 20-CV-9119-PAE-JLC, 2021 WL 4784280, at *13 (S.D.N.Y. Oct. 14, 2021)), report and recommendation adopted, No. 20-CV-9119-PAE-JLC, 2021 WL 5088036 (S.D.N.Y. Nov. 2, 2021) ("Equifax, Experian, and [Trans Union] are credit reporting agencies that do not collect

5

debts, and therefore do not fall within the meaning of 'debt collector' under the FDCPA, but instead under the term 'credit reporting agency' as defined in § 1681a(f)."); Pottetti v. Educ. Credit Mgmt. Corp., No. 19-CV-4479-PKC-SMG, 2020 WL 5645194, at *5 (E.D.N.Y. Sept. 22, 2020) (dismissing plaintiff's FDCPA claims where, "[p]laintiff does not set forth a factual basis for legally categorizing [d]efendant as a statutorily-defined 'debt collector' under the FDCPA" (quoting 15 U.S.C.A. § 1692a(6))).

As a result, Vaiano has failed to state a claim as a matter of law under both the FDCPA and the MDCPA.

### C. Counts V, IX, XII, XIII, XIV, XV, XVI, XVII (Negligent Misrepresentation, Invasion of Privacy, Defamation, Libel, Slander, Negligent Hiring, Negligent Failure to Provide Adequate Training, Negligent Failure to Provide Adequate Supervision)

Counts V, IX, XII, XIII, XIV, XV, XVI, and XVII are dismissed both because Vaiano failed to state a claim and the actions are preempted by the FCRA.

As an initial matter, none of the claims made by Vaiano are supported by any well-pled facts. See Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009) ("Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss"); Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Vaiano simply makes general claims about the credit reporting industry and states that his credit score was lowered after he missed payments on his credit accounts after he contracted COVID-19.  There is no plausible claim to be crafted from such facts.

As a separate matter, even if Vaiano could point to certain facts to support any one of these counts, each claim is preempted by the FCRA.  The FCRA states: "No consumer may bring

an action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Each of these counts is a common-law claim centered on either "defamation, invasion of privacy, or negligence," and is thus preempted. Vaiano has not alleged any facts in support of "malice or willful intent" that would save any of these claims from the FCRA's preemption provision.

As a result, Vaiano has both failed to state a claim, and each claim is preempted by the FCRA, as to Counts V, IX, XII, XIII, XIV, XV, XVI, and XVII. These counts are dismissed.

### D.     Counts X, XI, XIX (IIED, NIED, and Ch. 93A)

Counts X, XI, and XIX are dismissed both because Vaiano fails to state a claim and the actions are preempted by the FCRA.

To prevail ON a claim for IIED, a plaintiff must establish: "(1) that [the defendant], knew, or should have known that his conduct would cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct caused emotional distress; and (4) that the emotional distress was severe." Polay v. McMahon, 10 N.E.3d 1122, 1128 (Mass. 2014). "The standard for making a claim of intentional infliction of emotional distress is very high." Id.; see also Galvin v. U.S. Bank, N.A., 852 F.3d 146, 161 (1st Cir. 2017). Qualifying conduct must "go beyond all possible bounds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community." Roman v. Trs. of Tufts Coll., 964 N.E.2d 331, 341 (Mass. 2012). The Court may grant a motion to dismiss where the conduct alleged in the complaint does not rise to this level. Polay, 10 N.E.3d at 1128-29. Vaiano alleges that Equifax provided to

others a lower credit score without explanation as a result of Vaiano's late payments. This does not support any element of an IIED claim. Further, although there are no claims that any of the information provided was inaccurate, even if it was, courts have held that a financial institution's failure to correct inaccurate information in a credit report was not sufficiently extreme and outrageous conduct to support a claim of intentional infliction of emotional distress, absent evidence that the institution acted with the intention of inflicting distress. Harrington v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 141 (D. Mass. 2007) (concluding that an "honestly mistaken" or inaccurate report could not support an emotional distress claim); Richardson v. Fleet Bank of Mass., 190 F. Supp. 2d 81, 90 (D. Mass. 2001). Thus, Vaiano has failed to state an IIED claim.

Vaiano also brings an NIED claim against Equifax. This claim requires allegations of: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Lockwood v. Madeiros, No. 18-CV-40143-DHH, 2018 WL 4087938, at *8 (D. Mass. Aug. 27, 2018). Vaiano fails to advance a plausible allegation of physical harm, nor would the facts described in the Complaint cause a reasonable person to suffer emotional distress. There is only a recitation of the elements. As a result, Vaiano has failed to state an NIED claim.

Vaiano also brings a claim under Chapter 93A. To establish entitlement to Chapter 93A relief, the complaint must "allege facts sufficient to establish[:] first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive act was a cause of the injury."

Rafferty v. Merck & Co., Inc., 92 N.E.3d 1205, 1222 (Mass. 2018) (citing Herman v. Admit One Ticket Agency LLC, 454 Mass. 611, 615-16 (2009). Just as Vaiano's factual allegations fail to support an IIED or NIED claim, the conduct he attributes to Equifax is not the sort of unconscionable, conscience shocking behavior necessary to support a Chapter 93A claim. See Tomasella v. Nestle USA, Inc., 962 F.3d 60, 70-71 (1st Cir. 2020) (concluding Ch. 93A implicated only by allegation of conduct that "is immoral, unethical, oppressive or unscrupulous" and is "generally . . . of an egregious, non-negligent nature").

Finally, even if there was an argument to be made that there are sufficient facts to state a claim, Vaiano's IIED, NIED, and Ch. 93A claims are also subject to dismissal for a second, independent reason: They are preempted by the FCRA. See Brown v. JPMorgan Chase & Co., 22-CV-11298-FDS, 2023 WL 3511363, at *4-5 (D. Mass. May 17, 2023) (finding Ch. 93A claims preempted by the FCRA); Brown v. Wells Fargo Bank, N.A. et al., 24-CV-10952-LTS, at *5 (D. Mass. Oct. 16, 2024) (finding intentional infliction of emotional distress, negligent infliction of emotional distress, and Ch. 93A claims preempted by the FCRA); see also Leet v. Cellco P'ship, 480 F. Supp. 2d 422, 431, 433 (D. Mass. 2007) (finding negligence and MCRA claims preempted by the FCRA). Vaiano bases his IIED and NIED claims on the assertion that he has suffered because Equifax "does not let you know how certain incidents effect Plaintiff's credit score." His Ch. 93A claim arises from his assertion that Equifax lowered his credit score without explanation. All three claims challenge conduct that falls squarely within the bounds of the FCRA's preemption provisions. As a result, even if Vaiano successfully stated a claim, they would be preempted by the FCRA.

In sum, Counts X, XI, and XIX of Vaiano's Complaint are dismissed.

### E. Counts VI and VIII (False or Misleading Representations under the Lanham Act and the Massachusetts Equivalent)

Counts VI and VIII are dismissed because Vaiano has not alleged any actions by Equifax that are sufficient to state claims for false or misleading representations. To state a false advertising claim under the Lanham Act, 15 U.S.C. § 1125, the plaintiff must offer facts that show: "(1) [t]he defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." Riverdale Mills Corp. v. Cavatorta N. Am., Inc., 146 F. Supp. 3d 356, 361 (D. Mass. 2015). Vaiano did not allege a single fact to support any of the above elements.

As to the state equivalent, although it is unclear from the original complaint, both Equifax and this Court assume Vaiano intended to make a claim under Mass. Gen. Laws ch. 93A § 2, which governs "unfair or deceptive acts or practices in the conduct of any trade or commerce." Again, Vaiano did not allege a single fact to support such a claim. Further, if Vaiano believes he has made a claim under a different section of Massachusetts law, while the Court must liberally construe a pro se plaintiff's complaint, it cannot fashion claims for him. Ateek v. Massachusetts, No. 11-CV-11566-DPW, 2011 WL 4529393, at *3 n.7 (D. Mass. Sept. 27, 2011). As a result, the count must be dismissed.

Vaiano has failed to state a claim as to Counts VI and VIII.

### F. Counts VII (Fraudulent Concealment)

Counts VII is dismissed because Vaiano has failed to assert facts necessary to state a claim that Equifax has fraudulently concealed the existence of a cause of action. In Massachusetts, fraudulent concealment generally requires an affirmative act of fraud. Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 130 (1st Cir. 1987). A plaintiff must plead the "time, place, and content" of any fraudulent concealment. Broderick v. PNC Fin. Servs. Grp., Inc., 919 F. Supp. 2d 178, 182 (D. Mass. 2013), aff'd, 554 F. App'x 27 (1st Cir. 2014). Vaiano has failed to allege any affirmative act of fraud.

The exception to this rule is that a fiduciary's breach of a duty of disclosure may also constitute fraudulent concealment. Id. at 182 n.31 (citing Maggio, 824 F.2d at 130-31). Vaiano, however, has not alleged a fiduciary relationship nor sufficient facts from which this Court can reasonably infer a fiduciary relationship between himself and Equifax. See Broderick, 919 F. Supp. 2d at 182 (citing Frappier v. Countrywide Home Loans, Inc., 645 F.3d 51, 59 (1st Cir. 2011); Superior Glass Co., Inc. v. First Bristol Cnty. Nat'l Bank, 380 Mass. 829, 832 (1980)).

Additionally, fraudulent concealment requires not only that the defendant concealed crucial facts, but also that the plaintiff lacked the means to uncover these facts. Id. Again, Vaiano has failed to assert any facts that would support such a claim.

As a result, Vaiano has failed to state a claim as to Counts VII, thus, it is dismissed.

### G. Count XVIII (Tortious Interference with a Contractual Relationship)

Count XVIII is dismissed because Vaiano failed to state a claim. To prevail in a claim for tortious interference with a contractual relationship, "[t]he plaintiff must prove that (1) he had a contract with a third party; (2) the defendant knowingly interfered with that contract [by inhibiting the third party's or the plaintiff's performance thereof depending on the theory]; (3)

11

the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." ITyX Sols., AG v. Kodak Alaris Inc., No. 16-CV-10250-ADB, 2018 WL 2392004, at *13 (D. Mass. May 25, 2018), aff'd, 952 F.3d 1 (1st Cir. 2020) (quoting Harrison v. NetCentric Corp., 744 N.E.2d 622, 632 (Mass. 2001)).  Vaiano has not alleged any facts concerning a specific contract with a third party, the nature of the "false statements" of Equifax that interfered with said contract, if that interference was intentional with an improper motive or means, or how Vaiano was harmed.  Thus, Vaiano has failed to state a tortious interference claim and the count is dismissed.

### H.    Amendment and Prejudice

Though Vaiano has not asked for leave to amend his pleading, the Court has considered whether to afford him such an opportunity.  In the circumstances presented, the Court declines to do so.  As mentioned above, this is not the first time that Vaiano has brought identical or similar claims like the ones discussed here against a financial institution he believes has wronged him.  This is also not the first time a defendant has removed such an action to federal court, nor is it the first time a session of this Court has dismissed such claims based on pleading defects and/or preemption.  Given this background, that Vaiano has not requested leave to amend, and exceptional circumstances do not compel this Court to offer Vaiano leave, Hochendoner v. Genzyme Corp., 823 F.3d 724, 735-36 (1st Cir. 2016), this matter is dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Equifax's Motion to Dismiss for Failure to State a Claim [Dkt. 12] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated: February 27, 2025                                         /s/ Angel Kelley
                                                                                 Hon. Angel Kelley
                                                                                 United States District Judge